IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

---

GORDON LYNN,

        Plaintiff,

v.                                  Civil Action No.
                                         3:16-CV-1187 (DEP)

NANCY A. BERRYHILL, Acting Commissioner
of Social Security[1],

        Defendant.

---

APPEARANCES:                            OF COUNSEL:

FOR PLAINTIFF:

GORTON LAW FIRM                      PETER A. GORTON, ESQ.
P.O. Box 89
1500 East Main Street
Endicott, New York 13761-0089

FOR DEFENDANT:

HON. RICHARD S. HARTUNIAN        FERGUS J. KAISER, ESQ.
United States Attorney for the          Special Assistant U.S. Attorney
Northern District of New York
P.O. Box 7198
100 S. Clinton Street
Syracuse, NY 13261-7198

---

[1] Carolyn Colvin, the former Acting Commissioner of Security, who was the originally-named defendant, was recently replaced by Nancy A. Berryhill, who currently serves in that position. Because Carolyn Colvin was sued only in her official capacity, Nancy A. Berryhill has been automatically substituted for Carolyn Colvin as the named defendant. *See* Fed. R. Civ. 25(d).

DAVID E. PEEBLES
CHIEF U.S. MAGISTRATE JUDGE

ORDER

Currently pending before the court in this action, in which plaintiff seeks judicial review of an adverse administrative determination by the Acting Commissioner, pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3), are cross-motions for judgment on the pleadings.[2] Oral argument was conducted in connection with those motions on May 24, 2017, during a telephone conference held on the record. At the close of argument, I issued a bench decision in which, after applying the requisite deferential review standard, I found that the Acting Commissioner's determination did not result from the application of proper legal principles and is not supported by substantial evidence, providing further detail regarding my reasoning and addressing the specific issues raised by the plaintiff in this appeal.

After due deliberation, and based upon the court's oral bench decision, a transcript of which is attached and incorporated herein by reference, it is hereby

ORDERED, as follows:

---

[2] This matter, which is before me on consent of the parties pursuant to 28 U.S.C. § 636(c), has been treated in accordance with the procedures set forth in General Order No. 18. Under that General Order once issue has been joined, an action such as this is considered procedurally, as if cross-motions for judgment on the pleadings had been filed pursuant to Rule 12(c) of the Federal Rules of Civil Procedure.

1) Plaintiff's motion for judgment on the pleadings is GRANTED.

2) The Acting Commissioner's determination that plaintiff was not disabled at the relevant times, and thus is not entitled to benefits under the Social Security Act, is VACATED.

3) The matter is hereby REMANDED to the Acting Commissioner, without a directed finding of disability, for further proceedings consistent with this determination.

4) The clerk is respectfully directed to enter judgment, based upon this determination, remanding the matter to the Acting Commissioner pursuant to sentence four of 42 U.S.C. § 405(g) and closing this case.

_____
David E. Peebles
U.S. Magistrate Judge

Dated: May 26, 2017
Syracuse, NY

```
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
------------------------------------------------------x
GORDON LYNN,

                        Plaintiff,

vs.                                         16-CV-1187

NANCY A. BERRYHILL, Acting Commissioner
of Social Security Administration,

                        Defendant.

------------------------------------------------------x

                    Decision - May 24, 2017

      James Hanley Federal Building, Syracuse, New York

              HONORABLE DAVID E. PEEBLES

         United States Magistrate-Judge, Presiding



              A P P E A R A N C E S (by telephone)

For Plaintiff:     LACHMAN, GORTON LAW FIRM
                   Attorneys at Law
                   1500 East Main Street
                   Endicott, New York 13761
                     BY:  PETER A. GORTON, ESQ.

For Defendant:     SOCIAL SECURITY ADMINISTRATION
                   Office of General Counsel
                   26 Federal Plaza
                   New York, New York 10278
                     BY:  FERGUS J. KAISER, ESQ.




                   Eileen McDonough, RPR, CRR
                 Official United States Court Reporter
                         P.O. Box 7367
                    Syracuse, New York 13261
                        (315)234-8546
```

1  THE COURT: I have before me a request for judicial
2  review of an adverse determination by the Acting Commissioner
3  of Social Security pursuant to 42, United States Code,
4  Sections 405(g) and 1383(c)(3).
5  The background is as follows. Plaintiff was born
6  in May of 1983 and today turns 34. Happy birthday. He was
7  32 at the time of the hearing in this matter and 30 at the
8  time of his application for benefits.
9  Plaintiff lives in Appalachian with his grandmother
10 and his sister. He graduated high school with an IEP
11 diploma. There is some confusion in the record as to whether
12 he has children. There is a reference at page 389 that he
13 had one child who was removed by child protective services in
14 2005, but in his meeting with Dr. Lumina at page 461 he
15 denied having children.
16 In 2012 the plaintiff attended truck driver school
17 and achieved a CDL license. He also has a driver's license.
18 He is not, however, medically cleared currently to drive
19 commercially.
20 Plaintiff last worked September through December 1
21 of 2014. He has worked in various capacities casually and an
22 assembly line position, which he stopped due to back issues.
23 He has driven 18 wheeler trucks. He has operated in a fast
24 food environment. He has performed maintenance and as a taxi
25 driver.

1       Plaintiff was sentenced to prison and served time
2  from 2006 to 2010 for passing bad checks.  He also has an
3  extensive juvenile delinquent record and a history of arrest
4  for fraud, assault, harassment and resisting arrest.
5       Medically he suffers from several physical and
6  mental impairments.  Physically he suffers from severe
7  hypertension with organ damage that has led him to experience
8  migraines, has lumbar disc disease, asthma and obesity.
9       Mentally he has a history of attention deficit and
10 hyperactivity disorder, or ADHD, and intermittent explosive
11 disorder.  He has also been diagnosed at times with bipolar
12 disorder, episodic depressive disorder, personality disorder,
13 and social anxiety.
14      In 2002 he was hospitalized with suicidal ideation.
15 He has also a history of expressing homicidal ideation.  He
16 was diagnosed by Dr. Loomis, the consultative examiner,
17 suffering from a mood disorder not otherwise specified, or
18 NOS, ADHD, social anxiety, and personality disorder not
19 otherwise specified with antisocial features.
20      Procedural history is as follows.  Plaintiff
21 applied for Supplemental Security Income payments on
22 August 22nd, 2013, alleging an onset disability date of May
23 25, 2013.  The hearing was conducted on April 11, 2015 by
24 Administrative Law Judge John Ramos.  An earlier hearing was
25 adjourned in order to permit plaintiff to obtain counsel.

1        On September 3, 2013 Administrative Law Judge Ramos
2   issued an unfavorable decision.  That decision became a final
3   determination of the Agency on September 15, 2016 when the
4   Social Security Administration Council denied plaintiff's
5   request for review.
6        In his decision ALJ Ramos applied the five step
7   well-known sequential test for determining disability.  I
8   will note that ALJ Ramos's decision is extremely
9   comprehensive.
10       At step one he determined that plaintiff was not
11  engaged in substantial gainful activity since the date of his
12  application, even though he did receive some income during
13  that period.
14       At step two he concluded that plaintiff suffers
15  from severe impairments, including degenerative disc disease
16  of the lumbar spine, hypertension, headaches and migraines,
17  obesity, mood disorder, social anxiety disorder, and
18  personality disorder.
19       He concluded, however, that those impairments did
20  not rise to a level sufficient to meet or medically equal the
21  listings of presumptively disabling conditions as set forth
22  in the Commissioner's regulations, considering several,
23  including 1.02, 1.04, 14.09, 11.00, 1.00 and 14.00.  And he
24  went through, among other things, the examination of the B
25  criteria of the mental limitations of 12.02, 12.04, 12.05,

12.06 and 12.08.

He then engaged in the requisite two-step credibility analysis and explained his reasoning for not fully crediting plaintiff's reports of symptomology.

After reviewing the medical evidence, ALJ Ramos concluded that plaintiff retains the capacity to perform sedentary work with limitations. Significantly, but not exclusively, he found that plaintiff retains the ability to understand and follow simple instructions and directions, can perform simple and some complex tasks with supervision and independently, can maintain attention/concentration for simple and some complex tasks, can regularly attend to a routine and maintain a schedule, can relate to and interact with others to the extent necessary to carry out simple tasks, but should avoid work requiring more complex interaction or joint effort to achieve work goals, and can handle reasonable levels of simple work-related stress in that he can make simple decisions directly related to the completion of his tasks and handle usual workplace changes or interactions associated with simple work.

Applying that RFC at step four, ALJ Ramos concluded the plaintiff did not have any significant past relevant work.

And proceeded to step five where he concluded that the Medical-Vocational Guidelines set forth in the

1 regulations, or grids, specifically Rule 201.27, directed a
2 finding of no disability and finding it unnecessary to resort
3 to the testimony of a vocational expert in order to carry the
4 Commissioner's burden at step five.
5     As you know, my task is extremely limited. I must
6 determine whether correct legal principles were applied and
7 the determination is supported by substantial evidence.
8     The focus of plaintiff's arguments clearly are on
9 non-exertional limitations associated with plaintiff's mental
10 conditions. There are two key pieces of medical evidence in
11 the record, as we've discussed; the opinions and report of
12 Dr. Cheryl Loomis of her October 2, 2013 examination of the
13 plaintiff, and Dr. Kamin's report authored on October 31,
14 2013.
15     Dr. Loomis gave the diagnoses that I just mentioned
16 a moment ago. And as we've been discussing, significantly
17 concluded that claimant exhibited moderate impairment in his
18 ability to maintain a regular schedule and relate adequately
19 to others, and marked impairment in his ability to make
20 appropriate decisions and appropriately deal with stress.
21 Dr. Loomis' opinions were accorded great weight by the
22 Administrative Law Judge at page 32 of the Administrative
23 Transcript.
24     Dr. Kamin went through the psychiatric review
25 technique directed toward whether or not any of the listings

1  were satisfied and did not perform a functional capacity
2  analysis.
3  　　　　　In my view, the Commissioner erred in not according
4  weight and rejecting Dr. Loomis' statements concerning the
5  marked impairment in plaintiff's ability to make
6  appropriately decisions and appropriately deal with stress.
7  SSR 85-15 makes it clear that the ability to handle the
8  demands of work is highly individualized.  SSR 85-15 makes
9  the following statement:  "Because response to the demands of
10 work is highly individualized, the skill level of a position
11 is not necessarily related to the difficulty an individual
12 will have in meeting the demands of the job.  A claimant's
13 condition may make performance of an unskilled job as
14 difficult as an objectively more demanding job."
15 　　　　　In other words, it is not sufficient, in my view,
16 to include in the RFC to limit the claimant to simple tasks
17 and unskilled work to address the marked impairment in the
18 plaintiff's ability to make appropriate decisions and
19 appropriately deal with stress.
20 　　　　　As the Commissioner candidly has noted, while ALJ
21 Ramos makes the statement that Dr. Kamin determined claimant
22 is capable of performing the basic mental demands of
23 unskilled work, despite his multiple disorders, that
24 statement was not made and it's not supported by the record.
25 　　　　　I note that the ALJ also failed to consider

plaintiff's moderate limitation in his ability to adequately relate to others. And in the area of social functioning, Administrative Law Judge Ramos says that this is at best a mild limitation. That's at page 34. That flies in the face of Dr. Loomis' opinions as well as the documented history of the plaintiff's homicidal ideations, outbursts, his explosive disorder, and so I find error there.

I do not find error with regard to concentration, persistence and pace, because Dr. Loomis concludes there is no impairment in that domain or in that area. But again, there was, according to Dr. Loomis, a moderate impairment in plaintiff's ability to maintain a regular schedule. The RFC in this case concludes that plaintiff would have no impairment in his ability to maintain a regular schedule. That does not draw the support of substantial evidence and a moderate impairment in my view in the ability to maintain a regular schedule needs to be, A, fleshed out, and B, addressed by a vocational expert at step five to determine whether there is work that plaintiff can perform despite this moderate impairment.

At step five obviously the burden rests with the Commissioner. SSR 96-9p indicates that a substantial loss in making simple work-related decisions and responding appropriately to supervisors, co-workers and usual work situations, and dealing with changes in routine work settings

1  will substantially erode the unskilled sedentary occupational
2  base on which the grids are predicated.
3           So I find that the RFC determination of the
4  Commissioner is not supported by substantial evidence, and
5  that at step five in order to carry her burden, the
6  Commissioner should have elicited the testimony of a
7  vocational expert.  I do not, however, find persuasive
8  evidence of disability such that a remand limited to
9  calculation of benefits is warranted.  I think that this
10 matter needs to be remanded for further consideration
11 consistent with this decision.
12          So I will award judgment on the pleadings to the
13 plaintiff without a directed finding of disability, vacate
14 the Commissioner's determination and remand the matter for
15 further proceedings.  I'll issue an order to this effect
16 attaching a transcript of this decision.
17          Thank you both for excellent presentations.
18 Interesting case.
19                  *            *            *
20
21
22
23
24
25

C E R T I F I C A T I O N

      I, EILEEN MCDONOUGH, RPR, CRR, Federal Official Realtime Court Reporter, in and for the United States District Court for the Northern District of New York, do hereby certify that pursuant to Section 753, Title 28, United States Code, that the foregoing is a true and correct transcript of the stenographically reported proceedings held in the above-entitled matter and that the transcript page format is in conformance with the regulations of the Judicial Conference of the United States.

_____
EILEEN MCDONOUGH, RPR, CRR
Federal Official Court Reporter